UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MONA EASON                                                                          PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:11-cv-190-DPJ-FKB

WALGREEN CO. AND JOHN DOES                                              DEFENDANTS
1-10

ORDER

This slip-and-fall case is before the Court on Defendant's Motion for Summary Judgment

[23]. The Court, having considered the issues and the parties' submissions in light of the

applicable standards, finds that Defendant's Motion should be denied.

I.       Facts and Procedural History

On January 26, 2010, Plaintiff Mona Rae Eason ("Eason") her co-worker, Christie Fryery

("Fryery") went to a local Walgreens to purchase office supplies.  Upon entering the store,

Fryery and Eason discussed the floor's shiny appearance.  Moments later, Eason slipped, fell,

and broke her hip.  According to her, the store's recently waxed floor caused her fall, and she

sues Walgreens for failing to warn.  Walgreens denies that the floors had been recently waxed

and therefore contends that no duty to warn existed.

II.      Standard of Review

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil

Procedure when evidence reveals no genuine dispute regarding any material fact and that the

moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of

summary judgment, after adequate time for discovery and upon motion, against a party who fails

to make a sufficient showing to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The moving party bears the initial responsibility to inform the district court of the basis for its motion and identify those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts demonstrating a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075. When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

III.     Analysis

Summary Judgment is not appropriate here because there is a disputed issue of material fact—whether the floor had been recently waxed. For her part, Eason contends that both she and Fryery noticed that the floors appeared particularly shiny and newly waxed. Eason also contends that a day or two after her fall, she had a conversation with Walgreens employee Gaylon Bailey, who told her the store waxed the floors the night before she fell. Fryery confirmed the conversation, but Bailey does not recall it.

Walgreens premises its case on testimony from its employees suggesting that the floor was not freshly waxed.  It also cites a cleaning checklist from E&T Cleaning Services ("E&T"), the company responsible for cleaning the store's floors, which shows that E&T cleaned the floors at some point on January 26, 2010.   As shown below, however, the checklist is unclear as to when this cleaning took place.



Walgreen asserts the times on this checklist show the floors were cleaned from 10:50 pm on January 26 to 12:50 am on January 27, in other words, E&T cleaned the floor *after* Eason fell. Eason, however, avers the checklist shows the floors were cleaned at 12:50 am on January 26, meaning E&T cleaned them before she fell.   Neither side has presented testimony from any E&T employee interpreting the checklist.  Construing all of this in the light most favorable to Eason, there is an issue of material fact as to when the floor was waxed.[1]

_____

[1]The question whether Walgreens caused the floor to be waxed before the fall also precludes summary judgment for its professed lack of notice.

3

IV.     Conclusion

The Court has considered all arguments raised in the parties' submissions.  For the

reasons stated, the Court finds that Defendant's Motion for Summary Judgment should be

denied.

**SO ORDERED AND ADJUDGED** this the 30th day of March, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE